UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| DANIEL COBBLE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV620-106 |
| | ) | |
| COMMISSIONER OF GEORGIA | ) | |
| DEPT OF CORR., U.S. BOP, | ) | |
| U.S. AG, U.S. MARSHALS, | ) | |
| U.S. GOVERNMENT, and | ) | |
| WARDEN TREVONZO BOBBITT, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

Petitioner, Daniel Cobble, brings this 28 U.S.C. § 2241 petition seeking habeas relief. Doc. 1. As the asserted grounds for relief are not appropriate under 28 U.S.C. § 2241 and this Court lacks jurisdiction to consider them under 28 U.S.C. § 2255, the Court **RECOMMENDS** that the petition be **DISMISSED**. *Id*. Cobble has been deemed a vexatious litigant with a history of failing to fully disclose his prior cases, the Court further **RECOMMENDS** that the disclosure requirement described in the Court's June 17, 2021 Order, doc. 7, be imposed on all of his future habeas filings in this district.

The Court screens this petition pursuant to the applicable habeas rules, which requires dismissal if it "appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* R. Gov. § 2254 Cases 4 (requiring the Court to review and dismiss the petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *see also* R. Gov. § 2254 Cases 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)"). To the extent that the grounds on which Cobble bases his petition are discernable, they appear to relate to the effectiveness of counsel in *United States v. Cobble*, CR5:14-077 (M.D. Ga. Nov. 14, 2014).[1]  *See* doc. 1 at 4–5. "Typically, collateral attacks on the validity of a federal sentence must be brought under [28 U.S.C.] § 2255." *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944–45 (11th Cir. 2005) (*citing United States v. Jordan*, 915 F.2d 622, 629 (11th Cir. 1990)); *see also McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) ("Since 1948, Congress has required

---

[1] Included with Cobble's petition are several handwritten pages titled "claims." Doc. 1 at 7–11. These claims are nearly illegible and, to the extent that they can be deciphered, appear to concern the conditions of his confinement and allege illegal interference with a criminal appeal. *See id*. No grounds for habeas relief are readily apparent from these claims.

that a federal prisoner file a motion to vacate, 28 U.S.C. § 2255, instead of a petition for a writ of habeas corpus, *id.* § 2241, to collaterally attack the legality of his sentence."). That provision includes a "saving clause" that bars a petitioner from seeking other habeas relief unless the available remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Darby*, 405 F.3d at 945.

The Eleventh Circuit has recognized two categories of cases that fall under the saving clause. *Amodeo v. FCC Coleman-Low Warden*, 984 F.3d 992, 999 (11th Cir. 2021). The first includes "cases in which a federal prisoner seeks 'to challenge the execution [as opposed to the legality] of his sentence, such as the deprivation of good-time credits or parole determinations.'" *Id.* (citing *McCarthan*, 851 F.3d at 1092–93). The second category includes those cases in which "the sentencing court is unavailable or dissolved, or where practical considerations like multiple sentencing courts prevent a federal prisoner from filing a § 2255 motion." *Id.* at 999–1000 (citing *McCarthan*, 851 F.3d at 1093). Petitioner's claims concerning the ineffective assistance of counsel fall under neither of these categories. As petitioner's claims relate to alleged defects in his conviction and sentence, and not the execution of his sentence, the appropriate

remedy is § 2255.² *McCarthan*, 851 F.3d at 1089–91 (*citing United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980) ("[The prisoner's] appropriate remedy is under § 2255, not 28 U.S.C. § 2241, since the alleged errors occurred at or prior to sentencing.")).

The Court might ignore the caption on the form and construe Cobble's petition to seek relief under 28 U.S.C. § 2255, which provides a mechanism for those in custody pursuant to a sentence of the federal courts to challenge the constitutionality of their conviction or sentence. *See Means v. Alabama*, 209 F.3d 1241, 1242 (11th Cir. 2000) ("federal courts must look beyond the labels of motions filed by *pro se* inmates to interpret them under whatever statute would provide relief."). Doing so, however, would divest this Court of jurisdiction over the case, as a motion under § 2255 must be filed with the Court that entered the challenged conviction or sentence. 28 U.S.C. § 2255(a); *see Medberry v. Crosby*, 351 F.3d 1049, 1057 (11th Cir. 2003) (Section 2255 alleviates many "procedural difficulties by directing prisoners to file the motion in the

---

² At the time of filing, the execution of Cobble's sentence had not yet begun as he was incarcerated on an unrelated state conviction. *See United States v. Cobble*, CR5:14-077, doc. 766 at 2 (M.D. Ga. Aug. 24, 2020) (the sentence is to be served consecutively to Cobble's then pending Georgia state court sentence).

court where they were convicted and before the judge who sentenced them.")). Furthermore, recharacterization of a pleading as a § 2255 motion is a "serious matter," *Zelaya v. Sec'y, Fla/ Dept. of Corr.*, 798 F.3d 1360, 1366 (11th Cir. 2015), *overruled in part on other grounds by McCarthan v. Dir. of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017) (*en banc*), and "can have serious consequences for the prisoner, for it subjects any subsequent motion under § 2255 to the restrictive conditions that federal law imposes upon a 'second or successive' (but not upon a first) federal habeas motion," *Castro v. United States*, 540 U.S. 375, 377 (2003). As Cobble is not precluded from refiling this petition with the Middle District of Georgia, the Court declines to reconstrue the petition as a § 2255 motion and **RECOMMENDS** that it be **DISMISSED**.

The dismissal of this petition does not obviate Cobble's lack of transparency and good faith. Prisoners are not permitted to file successive habeas petitions without first seeking leave from the Eleventh Circuit. 28 U.S.C. § 2244. To ensure compliance with this requirement, the standard form for habeas petitions directs petitioners to disclose all prior habeas petitions at the time of filing. *See* doc. 1 at 3 (directing petitioner to

disclose any "petition, application, or motion regarding the issues raised in this petition"). The Court is aware of eight § 2241 petitions filed by Cobble between November 3 and 23, 2020. Doc. 6 at 3–4 (listing cases). None of which included an adequate disclosure of his litigation history.

Cobble is known to the Court as a vexatious and abusive litigant with a prolific filing history. Doc. 7. His behavior has resulted in the imposition of filing restrictions within this district in his non-habeas cases. *See Cobble v. United States Gov't, et al.*, CV6:20-100, doc. 57 at 2–8 (S.D. Ga. Dec. 3, 2020) (imposing filing restrictions). This same conduct gives reason for the Court to suspect that plaintiff is actively attempting to conceal his successive claims. *See, Cobble v. United States Gov't*, et al., CV6:20-100, doc. 16 at 3–4 (S.D. Ga. Nov. 9, 2020) (observing that plaintiff has filed cases under a different surname and on behalf of other prisoners in order to avoid restrictions).

By Order of June 17, 2021, the Court directed Cobble to prepare and file a list of all cases that he has filed before this or any other court. Doc. 7. The Court was subsequently advised by Georgia State prison that he was released from state custody. Doc. 12. In order to allow Cobble a fair

opportunity to respond to the Court's Order, the response deadline is **EXTENDED** to September 1, 2021.

As Cobble's lack of adequate disclosure is not limited to a single case, a broader action is required. To facilitate future analysis of his compliance with § 2244, the Court recommends that Cobble be specifically directed to submit a complete list of all of his prior cases before this and any other court, including every involved party, the considering court, the docket number, and every asserted claim with any future habeas petitions he files in this district. The list should also include the following language: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date)."[3] 28 U.S.C. § 1746.

In summary, the Court **RECOMMENDS** that the petition be **DISMISSED as moot**. Doc. 1. The Court further **RECOMMENDS** that

---

[3] When signing submissions, plaintiff attempts to expunge the phrase "under penalty of perjury" from the affirmation included on the Court's standard forms, replacing it with "God only." *See, e.g. Cobble v. Bobbit, et al.*, CV6:20-101, doc. 1 at 6 (S.D. Ga. Nov. 3, 2020). This action does not eliminate the legal consequences of any inaccuracies or attempts to deceive. Furthermore, liars may be prosecuted. *See United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), cited in *Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012) (collecting sanction cases).

Cobble be required to append to all future habeas petitions and motions filed in this district a complete list of all of his then prior and pending habeas actions. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2254 Proceedings for the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added); Rule 1(b) of the Rules Governing Section 2254 Proceedings for the United States District Courts (applying the rules to petitions brought under § 2241).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time

to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

The Court believes Cobble to be in federal custody, following his release from state incarceration. *See United States v. Cobble*, CR 5:14-077, doc. 766 (M.D. Ga. Aug. 24, 2020) (sentencing Cobble to serve 120 months of federal incarceration to run concurrent to his state sentence). To date, the Court has not been informed of Cobble's current place of confinement. To ensure reliable service of this Report and Recommendation, the Clerk of Court is **DIRECTED** to prepare and transmit to the Marshal a USM 285 form, a copy of this this Order and Report and Recommendation, and a copy of the Court's June 17, 2021

Order (Doc. 7).  The United States Marshal is **DIRECTED** to determine Cobble's currently place of confinement and effect service of the documents.  The completed USM 285 form shall be filed with the Clerk.  *See Dunn v. Fed. Express*, 2014 WL 1028949, at *3 (N.D. Ga. Mar. 14, 2014).

**SO REPORTED AND RECOMMENDED**, this 2nd day of August, 2021.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA